IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 18-cv-01516-RBJ

MARY HEATH,

    Plaintiff,

v.

ROOT9B and
ERIC HIPKINS,

    Defendants.

---

ORDER

---

**BACKGROUND**

This matter is before this Court on Magistrate Judge Kathleen M. Tafoya's Report and Recommendations on defendants' motions to dismiss. ECF No. 50. Plaintiff Mary Heath filed her third amended complaint (TAC), the operative complaint here, on August 13, 2018. ECF No. 23. In this complaint she alleges that defendants "Root9B" and Eric Hipkins committed Securities and Commodities Fraud under 18 U.S.C. §1348, and that the defendants "falsely advertised they are the #1 Cybersecurity Company." Judge Tafoya describes the factual background of this case in further detail in her recommendation. *See* ECF No. 50 at 1-5.

Defendant Eric Hipkins filed a motion to dismiss this complaint because 18 U.S.C. §1348 is a criminal statute without a private cause of action, and that even if construed to invoke a civil cause of action, plaintiff fails to satisfy Fed. R. Civ. P. 12(b)(6) and the heightened securities-

fraud pleading standard under the Private Securities Litigation Reform Act ("PSLRA"). ECF No. 29. Though there is some confusion about what entity the defendant named as "Root9B" refers to, attorneys who represent "Root9B, LLC" (and who state that they do not represent the public corporation Root9B Holdings, Inc.) filed a motion to dismiss, or in the alternative, for summary judgment. ECF No. 30. In this motion, Root9B, LLC argued that plaintiff's TAC should be dismissed for lack of standing under Fed. R. Civ. P. 12(b)(1) because "Root9B, LLC has no legal or organizational connection to Root9B Holdings, Inc., the entity that, according to Plaintiff's allegations, caused her injuries." ECF No. 30 at 10. It also moved to dismiss under Fed. R. Civ. P. 12(b)(6) arguing that Plaintiff's claims do not plausibly relate to Root9B, LLC. Ms. Heath filed her response to both motions, ECF No. 33, and defendants filed replies, ECF Nos. 38, 40.

Judge Tafoya recommended that I grant Mr. Hipkins' motion to dismiss, grant in part and deny in part Root9B LLC's motion to dismiss, and permit plaintiff to file an amended complaint against all defendants asserting claims under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. ECF No. 50. The only party that filed an objection to Judge Tafoya's recommendation was Root9B, LLC. ECF No. 54. Ms. Heath filed a response in opposition to this objection. ECF No. 58. For the reasons below, the Court AFFIRMS and ADOPTS the Recommendation. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

Ms. Heath also filed a fourth amended complaint following the issuance of Judge Tafoya's recommendation but before this court adopted the recommendation. ECF No. 52. Defendants move jointly to strike the amended complaint on procedural grounds, arguing that its

filing was premature and without leave of the court as the recommendation and objections had not yet been ruled on by this court. ECF No. 57. Plaintiff filed a response to this motion in which she states "I understand now that I might have acted prematurely. I understand if the court must strike my Third Amended Complaint." ECF No. 59 at 2. I grant the motion to strike plaintiff's amended complaint, ECF No. 52. I again grant plaintiff leave to file an amended complaint in conformity with Judge Tafoya's recommendation and after complying with the dictates of this order.

## STANDARD OF REVIEW

**A. <u>Magistrate Judge Recommendation.</u>**

When a magistrate judge makes a recommendation on a dispositive motion, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). For an objection to be proper, it must be timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir.1991) (citing *Thomas v. Arn,* 474 U.S. 140, 150 (1985)) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). I will address Root9B, LLC's objection, conducting a de novo review of the issue it seeks clarification on in its motion. I review the rest of the recommendation under a clear error standard. Based on this review, I conclude that Judge Tafoya's analyses and recommendations

are correct, and that "there is no clear error on the face of the record." *See* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**ANALYSIS**

Root9B, LLC aims its objections at Judge Tafoya's recommendation that this Court deny its motion to dismiss Ms. Heath's claims for lack of standing, ECF No. 50 at 9-13. Judge Tafoya concluded that "a review of the *pro se* allegations of the Third Amended Complaint do not comport with an inference that Plaintiff intended to bring claims only against the private entity, Root9B, LLC." *Id.* at 12. I agree with this conclusion. Root9B, LLC made arguments in its motion as to why, as a private entity that is legally and organizationally unrelated to a public corporation named Root9B Holdings, Inc., "no relief can be afforded to Plaintiff by an entity with no responsibility for the actions of which Plaintiff complains or the injuries for which she seeks compensation." ECF No. 30 at 2. It argues that as a private company with no publicly traded stock, securities fraud claims asserted in the TAC fail to state a claim against the Private LLC that has no public securities. *Id.*

However, plaintiff did not file her lawsuit against "Root9B, LLC." plaintiff filed her lawsuit against "Root9B" and states in her TAC that "I use the name Root9b because they have constantly changed their name from Root9b LLC to Root9b Technology to Root9b Holdings." ECF No. 23 at 7.[1] Judge Tafoya determined that "Root9B" should not be dismissed as a

---

[1] This court is unclear about whether there is any significance in capitalizing the "r" or the "b" in Root9b. While assuming that other changes in the "Root9b" name do have significance, at this point I will assume that capitalization differences are insignificant and will use "Root9B" to refer to the generic entity plaintiff names in her complaint unless quoting.

4

defendant for lack of standing, because it does not seem that Plaintiff intended to only sue the private entity, Root9B, LLC. Judge Tafoya reasoned that a limited liability company, like Root9B, LLC, has no stock and is not controlled by or answerable to the Securities and Exchange Commission, nor would it be affiliated with the New York Stock Exchange. Plaintiff, on the other hand, makes many claims that would only apply to a publicly traded stock company such as her assertions that she "purchased over 64,000 shares of Root9b," ECF No. 23 at 7, and that plaintiff talked to someone associated with Root9B's New York Stock Exchange office. *Id.* at 9. This led Judge Tafoya to conclude, and leads me to agree, that plaintiff is bringing claims against multiple Root9B entities, not just against Root9B, LLC.

Judge Tafoya recommended the dismissal of plaintiff's claims under 18 U.S.C. §1348 against all parties but recommended that plaintiff be granted leave to amend and assert claims under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5(a) and (c). ECF No. 50 at 13-14, 19. Judge Tafoya analyzed claim two regarding false statements under Rule 10b-5(b), recommending that Mr. Hipkins' motion to dismiss with respect to claim two, claims pursuant to SEC Rule 10b-5(b), should be granted. However, Judge Tafoya declined to dismiss such claims against Root9B, LLC, who did not move for dismissal on this basis, finding that it would not necessarily be futile for Ms. Heath to attempt to amend her Complaint to state an appropriate claim pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 against Root9B. ECF No. 51 at 4. The Recommendation does not specify whether the claims are dismissed with or without prejudice. This Court construes claims for violations under 18 U.S.C. §1348 to be dismissed with prejudice and the other dismissed claims to be dismissed without prejudice.

Root9B, LLC objects that the use of the generic entity name "Root9B" in plaintiff's pleadings and the Recommendation does not provide sufficient clarity as to what claims are being brought against itself as opposed to other Root9B entities like Root9B Holdings, Inc. It asserts that the claims that pertain specifically to Root9B, LLC should be dismissed. However, given Ms. Heath's use of the generic entity name "Root9B," the Court is unclear as to what claims Ms. Heath is alleging against Root9B, LLC, as opposed to other Root9B entities. At this juncture, it is too early for the Court to know exactly how Root9B, LLC fits into Ms. Heath's allegations. It would be premature to dismiss claims against Root9B, LLC when Ms. Heath only aims allegations against the generic entity "Root9B" and does not name "Root9B, LLC" specifically as a defendant.

This confusion has led the Court to conclude that Ms. Heath, and all parties involved, would benefit from Ms. Heath's obtaining the assistance of a lawyer. Few attorneys are versed enough in securities law to be proficient in bringing a securities lawsuit, much less a lay individual. Ms. Heath, please advise the Court as to what efforts you have undertaken to obtain a lawyer to represent you in this matter, on a contingency fee basis if necessary. If you have made reasonable efforts and have been unable to obtain a lawyer, the Court will consider appointing a lawyer from the civil pro bono panel to take your case if one is available to represent you either as pro bono representation or on a contingency fee basis. Please do not file your amended complaint until you have advised the court about your efforts in obtaining a lawyer and this Court has had the opportunity to consider whether appointment of a lawyer from the civil panel would be appropriate.

**ORDERED**

1. The magistrate judge's March 4, 2019 Recommendation, ECF No. 50, is AFFIRMED and ADOPTED.

2. Defendant Eric Hipkins' Motion to Dismiss the Third Amended Complaint, ECF No. 29, is GRANTED. Defendant Root9B, LLC's motion to dismiss, ECF No. 30, is GRANTED in part and DENIED in part. Only the claims asserted under 18 U.S.C. §1348 are dismissed *with prejudice*. Otherwise, the dismissals are without prejudice.

3. Ms. Heath is directed to file a notice with the Court advising it of the efforts she has undertaken to obtain counsel. Plaintiff is granted leave to file an amended complaint but only after filing this notice with the Court and receiving direction from the Court about appointment of counsel.

4. Defendants' motion to strike, ECF No. 57, is GRANTED.

5. Defendants' motion for an extension of time, ECF No. 60, is MOOT.

DATED this day 29th of March, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge